Mr. Eric Stanchfield, Secretary Department of Employe Trust Funds 201 East Washington Avenue Madison, Wisconsin 53702
Dear Mr. Stanchfield:
Your predecessor asked whether my March 18, 1992, opinion (80 Op. Att'y Gen. 187 (1992)) that section 40.05 (4)(bc), Stats., as created by section 1154Li of 1991 Wisconsin Act 39 (the 1991 budget bill), violated article IV, section 26 of the Wisconsin Constitution is changed by the effect of a later amendment set forth at section 276 of 1991 Wisconsin Act 269 (the 1992 budget bill).
These amendments provide changes to the state Accumulated Sick Leave Conversion Credit (ASLCC) program. As set forth at 80 Op. Att'y Gen. at 187-88:
 The ASLCC program allows state employes to convert accumulated sick leave to health insurance premium coverage during retirement. A state employe's accumulated sick leave is converted into a credit equal to the employe's final hourly wage multiplied by the employe's total hours of unused sick leave. Health insurance premiums are paid from this credit for the employe and surviving dependents until the credit is exhausted. Sec. 40.05 (4)(b), Stats. In order to continue under the state health insurance plan, the employe must be eligible for an immediate Wisconsin Retirement *Page 29 
System (WRS) annuity (age 55 for the general, elected and executive employes; age 50 for protective employes). This immediate annuity requirement is waived for state employes with twenty years of creditable service who are eligible for an immediate annuity, but elect to defer application. Sec. 40.02 (25)(b)6., Stats. ASLCC premium payments may be delayed "for up to 10 years . . . if the employe or surviving insured dependents are covered by a comparable health insurance plan." Sec. 40.05 (4)(b), Stats., as amended by 1991 Wisconsin Act 107.
 The changes to the ASLCC program in the 1991 budget bill affect only the group defined as "[a]ny state constitutional officer, member or officer of the legislature, head of a state department or state agency who is appointed by the governor with senate confirmation, or head of a legislative service agency as defined in s. 13.90 (1m)(a)." Sec. 40.02 (25)(b)6g, Stats., as created by the 1991 budget bill.
The ASLCC program changes we are now concerned with, established by the 1992 budget bill, affect only this section40.02 (25)(b)6g defined group (public official group) except for the change resulting from section 40.02 (25)(b)6g created by section 4 of 1992 Wisconsin Act 152. Section 40.02 (25)(b)6r newly provides that an insured employe who has 20 years of creditable service but terminates employment prior to attaining normal retirement age is eligible for continued health insurance coverage at his or her own expense.
The first question presented by your predecessor is:
 1. Does the amendment effected by 1991 Wis. Act 269, § 276 change your March 18, 1992, opinion that s. 40.05 (4)(bc), Stats., is unconstitutional?
It is my opinion that the amendment of section 40.05 (4)(bc) set forth at section 276 of the 1992 budget bill effectively renders the statutory section constitutional. *Page 30 
The primary subject of 80 Op. Att'y Gen. 187, section 40.05 (4)(bc) of the statutes as created by section 1154Li of the 1991 budget bill, reads in material part:
 The accumulated unused sick leave of an eligible employe under s. 40.02 (25)(b)6g [any state constitutional officer, member or officer of the legislature, head of a department or state agency who is appointed by the governor with senate confirmation or head of a legislative service agency] shall be converted to credits for the payment of health insurance premiums on behalf of the employe on the date on which the department receives the employe's application for a retirement annuity or for lump sum payment under s. 40.25 (1). The employe's unused sick leave shall be converted at the salary rate that the employe would be receiving on the date of the conversion if the employe had continued to be employed in the position described in s. 40.02 (25)(b)6g that the employe held immediately before the employe terminated all creditable service or, if the employe is a state elected official who would have been prohibited by law from receiving an increase in compensation during the official's term of office, at the salary rate that would have been payable to the employe on the date of the conversion if the employe had not been prohibited by law from receiving an increase in compensation during his or her term of office.
Under this statutory section the ASLCC credit would have been determined by salaries to be paid in the future after the affected employee were no longer employed. I therefore concluded that article IV, section 26 of the Wisconsin Constitution was violated since there was no method provided to determine the amount of such ASLCC credit at the point employment terminated and any increase in such credit would occur after a person was no longer employed. 80 Op. Att'y Gen. at 191-95. *Page 31 
Section 40.05 (4)(bc), Stats., in its current form (amended by section 276 of the 1992 budget bill after issuance of 80 Op. Att'y Gen. 187), provides in material part:
 The accumulated unused sick leave of an eligible employe under s. 40.02 (25)(b)6g [any state constitutional officer, member or officer of the legislature, head of a department or state agency who is appointed by the governor with senate confirmation or head of a legislative service agency] shall be converted to credits for the payment of health insurance premiums on behalf of the employe on the date on which the department receives the employe's application for a retirement annuity of for lump sum payment under s. 40.25 (1). The employe's use sick leave shall be converted at the eligible employe's basic pay rate immediately prior to termination of all creditable service.
Since the present section 40.05 (4)(bc) determines the amount of the ASLCC credit by utilizing "the eligible employe's basic pay rate immediately prior to termination of all creditable service", such credit is objectively fixed during employment. Therefore, the present section 40.05 (4)(bc) does not violate article IV, section 26 of the Wisconsin Constitution. As recognized by your predecessor in his second question, I must now examine other state health insurance plan changes set forth in the 1991 budget bill to ascertain whether they are precluded by the provisions of article IV, section 26 of the Wisconsin Constitution.
Your predecessor's second question is:
 2. Does Wis. Const., art. IV, § 26 (2) (intro.), providing ". . . the compensation of a public officer may not be increased or diminished during his term of office," bar the application of ss. 40.05 (4)(bc) and 40.51 (10m), Stats., to incumbents of the offices or positions specified in s. 40.02 (25)(b) 6g, Stats., during the term of office when 1991 Wis. Acts 39 and 269 became effective?
Changes in the state health insurance program made by the 1991 budget bill require our scrutiny in relation to the prohibitions of *Page 32 
article IV, section 26 of the Wisconsin Constitution since they provide the public official group with benefits more favorable than those available at the commencement of their terms.
Under section 40.02 (25)(b)6g, as created by the 1991 budget bill, a member of the public official group would be entitled to use of ASLCC credits to pay health insurance after reaching age 55 regardless of that person's age at termination of employment. This contrasts with the pre-1991 budget requirement that an employe is eligible for ASLCC payments only if eligible for "an immediate annuity" (has attained normal retirement age). Secs.40.02 (25)(b)4., (38) and 40.05 (4)(b), Stats.
Also under section 40.51 (10m), as created by the 1991 budget bill, a member of the public official group has an expanded right to re-enroll in the state health insurance program without proof of insurability. As stated by your predecessor in his request:
 Under this provision [sec. 40.51 (10m)], persons in those positions described in s. 40.02 (25)(b)6g, Stats., are entitled to group health insurance coverage without evidence of insurability when they apply for a retirement annuity or lump sum payment under s. 40.25 (1), Stats. Under the prior law, all former employes terminating prior to retirement age had a limited right to continuation coverage. Once the continuation insurance ran out, there was no coverage available.
 Prior to 1991 Wis. Act 39, only former employes who were insured under the group health insurance plan and who retired on a [sic] "immediate annuity" or a disability annuity under s. 40.63, Stats., were eligible for group health insurance coverage after retirement. Since their coverage was continuous, retirement did not trigger the proof of insurability requirement in s. 40.51 (2), Stats.
A further state health insurance plan change, initially numbered section 40.02(25)(b)6m. as created by 1991 Wisconsin Act 152 and then renumbered 40.02(25)(b)6r. by 1991 Wisconsin Act 315, provides that any "insured employe of the state", who *Page 33 
terminates state employment prior to eligibility for an immediate annuity but with 20 years of creditable service, may continue under the state health insurance program. This change is not of interest in this opinion since the public official group already had the right under section 40.51
(10m), as created by the 1991 budget bill, to leave employment prior to normal retirement age and re-enroll in the health insurance program at a later date without showing proof of insurability.
Since changes providing health insurance on more favorable terms occurred during the terms of office of various members of the public officer group, I must ascertain whether such changes are prohibited by article IV, section 26 of the Wisconsin Constitution.
Article IV, section 26 states in part:
 (1) The legislature may not grant any extra compensation to a public officer, agent, servant or contractor after the services have been rendered or the contract has been entered into.
 (2) Except as provided in this subsection, the compensation of a public officer may not be increased or diminished during the term of office.
The Wisconsin courts have not indicated which changes in the state health insurance plan constitute a change in "compensation" that "may not be increased or diminished during the term of office." I stated, 80 Op. Att'y Gen. at 189, that:
 It is my opinion that the ASLCC program health insurance premium payments constitute part of compensation and that article IV, section 26, precludes the Legislature from establishing that portion of compensation based on a salary to be determined after the person is no longer employed.
It is not my opinion, however, that all changes in the terms of the ASLCC and state health insurance program are prohibited changes in compensation. I have found no support for such an *Page 34 
interpretation of article IV, section 26 in the courts of Wisconsin or any other state. Nor has the Wisconsin supreme court held that all changes in fringe benefits, during a term of office, that have the effect of increasing compensation are prohibited.
The court in State ex rel. Dungeon v. Levitan, 181 Wis. 326,193 N.W. 499 (1923) held that provisions of the then Teachers' Retirement Act, which provided for the granting of past-service credits in computing the pension of a teacher still employed at the time of enactment, was not a grant of extra compensation for services already rendered by such teacher prohibited by article IV, section 26 of the Wisconsin Constitution. Such court stated that "the law provides pensions for teachers already in service, the amount of which pension is computed with reference to the entire service of the teacher — the period before the enactment of the law as well as the period thereafter."181 Wis at 339. Notwithstanding this finding, the court found no violation of article IV, section 26 of the Wisconsin Constitution stating:
 As we view it, the annuity based on past service is not intended to be, or operate as, compensation for past service. It was rather intended to be, and in fact is, an inducement to the seasoned and experienced teacher to remain in the service and give the public the benefit of his experience.
State ex rel. Dudgeon, 181 Wis. at 343.
In Columbia County v. Wisconsin Retirement Fund, 17 Wis.2d 310,326-27, 116 N.W.2d 142 (1962) the court was presented with the question as to whether article IV, section 26 of the Wisconsin Constitution was violated by a statute that required counties to make payment to the retirement system for prior-service credits for service already rendered by its employes. Under statutes then in effect the amount of "an employee's pension [was] dependent largely upon the length of his service and the amount of his compensation." 17 Wis.2d at 315. The court found no violation of article IV, section 26 of the Wisconsin Constitution stating: *Page 35 
 The plaintiffs contend ch. 459, Laws of 1961, constitutes a legislative grant of extra compensation to public officers, agents, or servants after their services have been rendered or in some cases after the contract was entered into and furthermore constitutes an increase in compensation of a public officer during his term of office. . . . These . . . contentions of the plaintiffs are grounded upon the proposition that the payment or withholding of state aids or the reimbursement by the state for contributions amounts to extra compensation by the state.
 This contention was answered adversely to the plaintiffs in State ex rel. Dudgeon v. Levitan, supra. That case held prior-service credits granted to a teacher did not constitute extra compensation for past services but under the plan was to be considered an encouragement and an inducement to teachers to remain in public service. . . . Increased pension benefits are to be distinguished from contributions for funding a pension. The plaintiffs also claim some doubt has been cast on Dudgeon because of our decisions in State ex rel. Thomson v. Giessel (1952), 262 Wis. 51, 53 N.W.2d 726, wherein a statute providing increased benefits for retired teachers was held unconstitutional on the ground it granted extra compensation, and in State ex rel. Thomson v. Giessel (1953), 265 Wis. 558, 61 N.W.2d 903, wherein a statute providing for increased benefits for retired teachers was valid for those teachers who held themselves available for future emergency service.
 . . . The basic answer lies in the concept that contributions made to the pension fund are not compensation, much less extra compensation paid to public officers, agents, or servants.
While the statutes interpreted in these cases concerned prior-service credit as the basis for increased benefits or increased benefits themselves rather than qualification for continuing health insurance, the subject of our inquiry, they do show that the court *Page 36 
has not interpreted the article IV, section 26 of the Wisconsin Constitution prohibition to preclude all improvements in benefits.
The decisions indicate that while an increase or decrease in the amount of the benefit paid (or paid on behalf of) a public official or employe comes within the prohibition of article IV, section 26 of the Wisconsin Constitution, a change in the method of determining the benefit may not come within the prohibition. Since I am unable to find a case in point, it is not clear what benefit changes in the health insurance plan, short of actually increasing the payment on behalf of the public officer, will be held violative of article IV, section 26 of the Wisconsin Constitution. I must, therefore, rely on the presumption of constitutionality of legislative enactments.
A party who challenges the constitutionality of an act carries a heavy burden of persuasion. Our courts have made it clear that
 "[i]t is not enough that respondent establish doubt as to the act's constitutionality nor is it sufficient that respondent establish the unconstitutionality of the act as a probability. Unconstitutionality of the act must be demonstrated beyond a reasonable doubt. Every presumption must be indulged to sustain the law if at all possible and, wherever doubt exists as to a legislative enactment's constitutionality, it must be resolved in favor of constitutionality." State ex rel. Hammermill Paper Co. v. La Plante, 58 Wis.2d 32, 46, 205 N.W.2d 784 (1973); County of Portage v. Steinpreis, 104 Wis.2d 466, 478, 312 N.W.2d 731 (1981).
Treiber v. Knoll, 135 Wis.2d 58, 64-65, 398 N.W.2d 756 (1987).
It is, therefore, my opinion, in response to the second question, that the changes to the state health insurance program embodied in sections 40.05 (4)(bc) and 40.51 (10m) do not violate the prohibitions of article IV, section 26 of the Wisconsin Constitution.
Sincerely,
 James E. Doyle Attorney General *Page 37